UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MIGUEL GLAZE** | : | **DOCKET NO. 18-cv-0337** |
| **REG. # 04078-104** | | **SECTION P** |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Miguel Glaze. Glaze is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below, **IT IS RECOMMENDED** that the action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Glaze was convicted on February 24, 2014, in the United States District Court for the Southern District of Florida of one count of conspiracy to and attempt to possess with intent to distribute cocaine. *United States v. Kerr et al.*, No. 0:13-cr-60255(4), docs. 101–03 (S.D. Fla. Jul. 3, 2014). He was then sentenced to a 120 month term of imprisonment. *Id.* at docs. 149, 150. On September 22, 2014,[1] he filed a motion for relief from judgment pursuant

---

[1] Filing dates for pro se matters refer to the date the petitioner certifies that he mailed the pleading, under the prison mailbox rule, if that date is provided. Otherwise the date the matter was received by the clerk of court is used.

to Federal Rule of Civil Procedure 60(b), which the court denied summarily based on the fact that Rule 60(b) could not provide relief from judgment in a criminal case. *Id.* at docs. 175, 176. He then sought review in the United States Eleventh Circuit Court of Appeals which vacated the district court's judgment and remanded the matter for consideration under 28 U.S.C. § 2255. *Id.* at doc. 202. Pursuant to the Eleventh Circuit's mandate, a new § 2255 motion was opened. *Glaze v. United States*, No. 0:15-cv-61479, doc. 1 (S.D. Fla. Aug. 30, 2017). Glaze then filed an amended pro se § 2255 motion on December 16, 2015, and the court ordered a response from the government. *Id.* at docs. 13, 18. On August 30, 2017, the district court then adopted the report and recommendation of the magistrate judge, denied the § 2255 motion, and denied a certificate of appealability from that judgment. *See id.* at docs. 49, 52.

Glaze now seeks relief in this court under 28 U.S.C § 2241, arguing that his conviction should be overturned because of the involvement of government agents in the conspiracy. Doc. 1.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Glaze collaterally attacks his conviction, arguing that he has been convicted of a nonexistent offense or that the evidence was insufficient to support his conviction. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion

under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, Glaze must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

The only Supreme Court decision cited by Glaze which post-dates his conviction, let alone his amended § 2255 motion, is *Mathis v. United States*, 136 S.Ct. 2243 (2016). However, *Mathis* related to the qualification of convictions as predicate violent felonies under the Armed Career Criminal Act, 18 U.S.C. § 924(e), which has no relevance to Glaze's conviction. Furthermore, Glaze only cites that decision for the dictum, "Elements are the constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis*, 136 S.Ct. at 2248 (internal quotations omitted). This general definition does not render conspiracy/attempt to possess with intent to distribute narcotics a nonexistent offense. Likewise, the circuit decisions cited by petitioner do not contain a Supreme Court decision on which he could base a non-existent offense claim that would have been unavailable to him at any prior time in these proceedings. He therefore fails to show any right to advance his claims through a § 2241 petition.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 9th day of May, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE